# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MARILYN DEAL,

    Plaintiff,

v.

Civil Action No. 5:16CV140

TRINITY HOPE ASSOCIATES, LLC;
TABATHA MULLIS; and
DOE 1-5

    Defendants.

## COMPLAINT
### (Jury Trial Demanded)

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities herein alleged against Plaintiff while Plaintiff so resided.

1

## PARTIES

3.  Plaintiff, MARILYN DEAL (hereinafter "Plaintiff" or "Mr. Austin"), is a natural person residing in Hickory, NC. Defendant TRINITY HOPE ASSOCIATES, LLC (hereinafter "Defendant"), is believed to be a limited liability company maintaining its principle place of business at 103 Fairway Avenue in Hudson, North Carolina. TABATHA MULLIS is the managing member of TRINITY HOPE ASSOCIATES, LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to Plaintiff's causes of action herein.

4.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5.  TRINITY HOPE ASSOCIATES, LLC, TABATHA MULLIS, and DOE 1-5 shall jointly be referred to as "Defendants" herein.

6.  Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a(6).

## FACTUAL ALLEGATIONS

7.  Defendants engaged in an attempt to collect a consumer debt allegedly owed by Ms. Deal.

8. On July 15, 2015, Defendants called Ms. Deal's home and spoke with her mother, but failed to identify themselves. Ms. Deal, using the number appearing on the caller-ID, returned the call to Defendants that same day. Ms. Deal informed Defendants that she was calling from her household where a call had just been received and wanted to know who they were trying to reach. Defendants responded that they were trying to reach "Marilyn Deal." Ms. Deal advised Defendants "I am Marilyn" and asked what Defendants wanted. Defendants refused to provide any information to Ms. Deal, but instead insisted that she provide them with her date of birth and social security number so that they could be sure they are "speaking with the right person." Ms. Deal stated: "I can promise you and am Marilyn Deal. You called my mother's number, but I am Marilyn Deal." Defendants still refused to disclose any information to Ms. Deal, including the name of their company or why they wanted to reach her. Ms. Deal relented and provide Defendants with her birth date and the last four digits of her social security number. Defendants, having become irritated and snappish, and terminated the call without disclosing any information to Ms. Deal. Defendants never advised Ms. Deal of their company name, that they were debt collectors, or that they were calling her in an effort to collect a debt. The July 15, 2015 call was the first communication Defendants had with Ms. Deal.

9. On January 21, 2016, Defendants called and left a voicemail message for Ms. Deal, the content of which is as follows: "This message is for Marilyn Deal. Please call David at 828-394-0079. Marilyn, it is very important my call is returned. I hear back from you today. If I do not hear back from you, I will possibly try to reach you at work on Monday. I will be available until 9:00pm Eastern Standard Time. It is important that my call is returned at 828-394-0079. Thank you."

10. As a direct result of the collection activity herein alleged, Mr. Austin has incurred legal fees of $2,355.00.

## CAUSES OF ACTION

### COUNT I

11. Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d(6) by: (1) Failing to disclose Defendants' name in communications with Plaintiff; and (2) Failing to disclose that Defendants are debt collectors and that their communications with Plaintiff were being made in an attempt to collect a debt.

### COUNT II

12. Plaintiff re-alleges paragraphs 1 through 10, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692(e)11 by: (1) Failing to disclose in their initial communication with Plaintiff that Defendants are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose; and (2) Failing to disclose in subsequent communications with Plaintiff that Defendants are debt collectors.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,355.00 in legal fees incurred in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: July 14, 2016

*Marilyn Deal*
(Marilyn Deal, in Pro Se)