UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MARILYN DEAL, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:16-cv-00140-RLV |
| TRINITY HOPE ASSOCIATES, LLC; TABATHA MULLIS; and DOE 1-5, | ) |
| Defendants. | ) |

## MOTION AND MEMORANDUM IN SUPPORT OF DEFAULT JUDGMENT AND ATTORNEY'S FEES

MARILYN DEAL (hereinafter "Plaintiff"), pursuant to FRCP 55(b)(2), respectfully requests this Honorable Court to enter default judgment against Defendants TRINITY HOPE ASSOCIATES, LLC AND TABATHA MULLIS (hereinafter "Defendants") and to award Plaintiff $4,787.50 in damages.

### I. PROCEDURAL BACKGROUND.

On July 15, 2016, Plaintiff filed suit against Defendants alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.). Defendants TRINITY HOPE ASSOCIATES, LLC AND TABATHA MULLIS were served on July 26, 2016. Defendants did not contact Plaintiff. The Court entered a default against TRINITY HOPE ASSOCIATES, LLC and TABATHA MULLIS on September 22, 2016. Defendants did not move to set aside the Entry of Default or otherwise appear.

## II. CASE IS RIPE OF ENTRY OF DEFAULT JUDGMENT.

Plaintiff states the following in support of the requested Default Judgment:

1.) This action was filed on July 15, 2016. Defendants TRINITY HOPE ASSOCIATES, LLC and TABATHA MULLIS were served on July 26, 2016. (See Exhibit A).

2.) As the record reveals, Defendants failed to file a responsive pleading or otherwise appear.

3.) The Clerk of this Court entered a Default as to TRINITY HOPE ASSOCIATES, LLC and TABATHA MULLIS on September 22, 2016.

4.) Defendants are neither minors nor incompetent persons.

5.) The Service Members Civil Relief Act does not apply to Defendants.

6.) Defendant was served with the Request for Entry of Default. (See Exhibit B).

7.) In light of the foregoing, it is highly unlikely that Defendants' default was the result of excusable neglect.

## III. PLAINTIFF'S COMPLAINT SUPPORTS THE PROPOSED DEFAULT JUDGMENT.
**Plaintiff's allegations are sufficient to support her causes of action.**

In her Complaint, Plaintiff made the following general allegations to support her claim under the Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.):

1.) Defendants are "debt collectors" as defined in 15 U.S.C. 1692a.

2.) Defendants engaged in an attempt to collect a consumer debt allegedly owed by Ms. Deal.

3.) On July 15, 2015, Defendants called Ms. Deal's home and spoke with her mother, but failed to identify themselves. Ms. Deal, using the number appearing on the caller-ID,

returned the call to Defendants that same day. Ms. Deal informed Defendants that she was calling from her household where a call had just been received and wanted to know who they were trying to reach. Defendants responded that they were trying to reach "Marilyn Deal." Ms. Deal advised Defendants "I am Marilyn" and asked what Defendants wanted. Defendants refused to provide any information to Ms. Deal, but instead insisted that she provide them with her date of birth and social security number so that they could be sure they are "speaking with the right person." Ms. Deal stated: "I can promise you and am Marilyn Deal. You called my mother's number, but I am Marilyn Deal." Defendants still refused to disclose any information to Ms. Deal, including the name of their company or why they wanted to reach her. Ms. Deal relented and provided Defendants with her birth date and the last four digits of her social security number. Defendants, having become irritated and snappish, terminated the call without disclosing any information to Ms. Deal. Defendants never advised Ms. Deal of their company name, that they were debt collectors, or that they were calling her in an effort to collect a debt. The July 15, 2015 call was the first communication Defendants had with Ms. Deal.

4.) On January 21, 2016, Defendants called and left a voicemail message for Ms. Deal, the content of which is as follows: "This message is for Marilyn Deal. Please call David at 828-394-0079. Marilyn, it is very important my call is returned. I hear back from you today. If I do not hear back from you, I will possibly try to reach you at work on Monday. I will be available until 9:00pm Eastern Standard Time. It is important that my call is returned at 828-394-0079. Thank you."

**Plaintiff's allegations support her causes of action ("Counts I and II").**
The pertinent sections of 15 U.S.C. 1692d and 1692e read as follows:

Sec. 1692d. Harassment or abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

… …
    (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

Sec. 1692e. False or misleading representations

  A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

… …
    (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Plaintiff submits that Defendants violated 15 U.S.C. 1692d(6) by: (1) Failing to disclose Defendants' name in communications with Plaintiff; and (2) Failing to disclose that Defendants are debt collectors and that their communications with Plaintiff were being made in an attempt to collect a debt. Plaintiff submits that Defendants violated 15 U.S.C. 1692(e)11 by: (1) Failing to disclose in their initial communication with Plaintiff that Defendants are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose; and

(2) Failing to disclose in subsequent communications with Plaintiff that Defendants are debt collectors.

Debt collectors must disclose in every communication that the communication is from a debt collector. (*Schwarm v. Craighead* 552 F.Supp.2d 1056, 1081-1082; *Hosseinzadeh v. M.R.S. Associates, Inc.* (CD CA 2005), 387 F. Supp.2d 1104). A debt collector placing telephone calls must make a "meaningful disclosure" of his or her identity. (*Hosseinzadeh v. M.R.S. Associates, Inc.* 387 F. Supp.2d 1104; *Edwards v. Niagra Credit Solutions, Inc.* 586 F.Supp.2d 1346,1352). Although a collection agency's messages contained no harassing language, they violated
§1692d(6) by not the identifying caller as a collection agency's employee or stating that the call was attempt to collect debt. (*Baker v. Allstate Fin'l Services, Inc.* 554 F.Supp.2d 945, 949). The *Baker* court noted that courts have uniformly held §1692d(6) requires debt collectors to disclose caller's name, collection agency's name, and the nature of the agency's business. This disclosure requirement applies to both live calls and automated messages. (*Joseph v. J.J. Mac Intyre Cos., LLC.* (ND CA 2003), 281 F.Supp.2d 1156, 1163).

A debt collector cannot fail to disclose certain information in a voice message in violation of § 1692e(11) out of fear of disclosing this information to third parties in violation of 1692c(b). (*Gryzbowski v I.C. System, In*c., 691 F.Supp.2d 618, 622–623 (M.D. Pa.2010); accord *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 659 (S.D.N.Y.2006); *Hoover v. Monarch Recovery Management, Inc.*, Civil Action No. 11–CV–04322, 2012 WL 3638680 (E.D. Pa., Aug. 24, 2012). The FDCPA does not guarantee debt collectors the right to leave answering machine messages. See *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 1354 (11th Cir.2009);

*Berg v. Merchants Ass'n Collection Div., Inc.,* 586 F.Supp.2d 1336, 1344 (S.D.Fla.2008); *Foti v. NCO Fin. Syst., Inc.*, 424 F.Supp.2d 643, 659–60.

**IV. DEFENDANT TABATHA MULLIS IS A DEBT COLLECTORS AND LIABLE FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. 1692 et seq.).**

At the time of the events giving rise to this action, Tabitha Mullis was a debt collector as defined under 15 U.S.C. 1692a. Tabitha Mullis violated the FDCPA in her personal capacity by committing one or more of the collection violations giving rise to Plaintiff's causes of action.[1] Individuals responsible for FDCPA violations may be held jointly and severally liable along with the collection company for which they are employed. (*Robinson v. Manages Accounts Receivables Corp.* 654 F.Supp.2d 1051).

Tabitha Mullis also violated the FDCPA as the managing member of TRINITY HOPE ASSOCIATES, LLC, her debt collection company. Tabitha Mullis is responsible for the policies and procedures of the company, including those giving rise to Plaintiff's causes of action. A debt collector is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, *directly or indirectly*, debts owed or due or asserted to be owed or due another." (15 U.S.C. § 1692a(6) emphasis added). "A high ranking employee, executive or director of a collection agency may fit within the statutory definition of a debt collector. " (*Musso v. Seiders*, 194 F.R.D. 43, 46 (D. Conn. 1999); *accord Williams v. Professional Collection Services, Inc*., 2004 WL 5462235, at *4 (E.D.N.Y.2004) ("high ranking employee, executive, or director of a collection agency may fall within the statutory definition of

---

[1] Tabitha Mullis, identified as one of "Defendants" in ¶8 of Plaintiff's Complaint, is believed to have been the person Plaintiff spoke with on July 15 as described.

a debt collector ..."); *Teng v. Metropolitan Retail Recovery, Inc.*, 851 F.Supp. 61, 67 (E.D.N.Y.1994)(manager and president of collection agency are debt collectors); *Ditty v. CheckRite, Ltd., Inc.*, 973 F.Supp. 1320, 1336–37 (D. Utah 1997)(supervisor of firm's collection activities is a debt collector). "Notably, the FDCPA explicitly includes in the definition of debt collector those individuals who indirectly participate in debt collection activities. 15 U.S.C. § 1692a(6)." (*Alonso v. Blackstone Fin. Grp. LLC*, 1:11-CV-01693-SAB, 2013 WL 3992122 (E.D. Cal. Aug. 2, 2013)). Even shareholders may be "debt collectors" and held personally liable. (See *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615, 618-19 (D. Utah 2005 )).

## V. DAMAGES

### A.) Damages Available Under the Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act provides for statutory damages as the court may allow, but not exceeding $1,000; any actual damage sustained by such person, and the costs of the action, together with a reasonable attorney's fee as determined by the court. (15 U.S.C. 1692k). Plaintiff seeks $1,000 in statutory damages, $0.00 in costs, and $3,787.50 in attorney's fees.

### B.) Evidence Supports the Statutory Damages Sought.

The statutory damages available under the Fair Debt Collection Practices Act have not changed since enacted in 1977. Adjusting for inflation, $1,000 in 1977 would be $3,873.30 in 2015. (Calculated using the "CPI Inflation Calculator" available from the United States Department of Labor Bureau of Labor Statistics). As such, today's victims of FDCPA violations

recover comparatively little in relation to the original intent of the Act. Plaintiff suffered from multiple willful violations of the Act. Plaintiff therefore prays for $1,000 in statutory damages.

**C.) Evidence, Public Policy, and Case Law Supports the Costs and Attorney's Fees Sought.**

### 1. Determining Reasonable Attorney Fees

15 U.S.C. 1692k(a) provides that a victim of an FDCPA violation may recover the (costs of the action, together with a reasonable attorney's fee as determined by the court." An award of attorney's fees under an FDCPA action is mandatory. (*Tolentino v. Friedman*, 46 F.3d 645, 651-652; *Lee v. Thomas & Thomas*, 109 F.3d 302, 307). The *Tolentino* court noted:

> "Given the structure of the section [15 U.S.C. 1692k], attorneys' fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." (*Tolentino v. Friedman*, 46 F.3d 645, 651-652).

Reasonable attorney's fees are also to include work performed by paralegals and others in support of the attorney. (*Missouri v. Jenkins*, 491 U.S. 274, 285).

Attorney's fees calculated pursuant to 15 U.S.C. 1692k(a)(3) is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. (*Smith v. Law Offices of Mitchell N. Kay* (1991) 762 F Supp 82; *Leyse v. Corporate Collection Services, Inc.*, 545 F. Supp. 2d 334 (S.D. N.Y. 2008)). A reasonable attorney's fee (in total) may be calculated by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation." (*Hensley v. Eckerhart*, 461 U.S. 424, 433). To determine reasonable attorney fees awarded under Fair Debt Collection Practices Act (FDCPA), a court must calculate the lodestar figure based upon hours reasonably spent by counsel multiplied by reasonable hourly rate. (*Sierra v. Foster & Garbus*, (1999) 48 F. Supp. 2d 393). The initial estimate of reasonable attorney's fee under Fair Debt Collection Practices Act (FDCPA) is properly calculated by

multiplying number of hours reasonably expended on litigation times reasonable hourly rate. (*Norton v. Wilshire Credit Corp.,* (1999) 36 F. Supp. 2d 216).

There is a strong presumption that this lodestar figure represents a reasonable fee; therefore, it is only in rare and exceptional circumstances that the lodestar method does not adequately take into account a factor that may properly be considered in determining that an enhancement above the lodestar calculation is appropriate. (*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)). "Trial courts need not, and indeed should not become green-eyeshade accountants" when determining attorney's fees. (*Hensley v.Eckerhart*, (1983) 461 U.S. 424, 437). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

### 2. Plaintiff's Counsel Expended a Reasonable Number of Hours on the Litigation

Plaintiff's counsel has provided a detailed billing summary of the hours spent on the case including paralegal/staff hours. (See Exhibit E). There is substantial evidence that Plaintiff's counsel expended a reasonable number of hours on this litigation. There is no evidence to the contrary. Plaintiff's counsel made every effort to mitigate attorney's fees and resolve the case by way of settlement. Defendants failed to engage in pre-litigation settlement discussions after receiving Plaintiff's demand letter. Defendants then failed to resolve the case by way of settlement after being served with the lawsuit. Plaintiff's legal fees through this motion for default judgment were thus necessarily incurred. Neither duplicative nor excess effort was expended.

### 3. Plaintiff's Counsel's Billing Rate of $300.00/hr. is Reasonable

Plaintiff is represented by Centennial Law Offices, a firm practicing almost exclusively in consumer protection law. Plaintiff's attorney of record, Java O. Warren is contracted as local

9
Case 5:16-cv-00140-RLV-DSC   Document 15   Filed 01/24/17   Page 9 of 13

counsel at a rate of $300.00 per hour by Centennial Law Offices. (See Exhibit F). Attorney Robert Amador acted in support of Attorney Java O. Warren[2] (See Exhibit G).

Plaintiff submits that the hourly rate of $300.00 is reasonable. Data collected from the 2007 National Law Journal billing survey revealed that the average low billing rate for a partner is $276.50 per hour for those two firms responding in North Carolina and $595.00 (for the medium billing rate) in central California (where Centennial Law Offices is located). (See Exhibit C). The United States Consumer Law Attorney Fee Survey Report (2013-2014) revealed an average billing rate of $439.00 per hour in California and $378.00 for North Carolina attorneys. (See pages 49 and 66 of Exhibit D).

Plaintiff's counsel has been awarded attorney's fees based on counsel's billing rate of $300.00 per hour in cases very similar to the current. Counsel's Fair Debt Collection Practices Act cases include the following attorneys fees from very similar default judgments: An award of $4,202.50 in *McGowan v. Lezama, Lester & Associates, LLC.* (U.S. District Court for the Western District of Washington; case 14-cv-00558); $4,224.00 in *Ford v. Vandenberg, Chase and Associates, LLC.* (U.S. District Court for the Northern District of Alabama; case 12-cv-00947); $3,600.00 in *Friedlander v. National Credit Adjusters, LLC* (U.S. District Court for the Northern District of Illinois; case 13-cv-05132); $4,752.50 in *Holmes v. Propelled Solutions, Inc. et al*. (U.S District Court for the Middle District of Pennsylvania; case 1:14-cv-01805-JEJ); $6,407.50 in *Anderson v. Law Office of Vincent P. Cignarale* (U.S. District Court for the Western District of Wisconsin; case 12-cv-00089); and $6,065.00 in *Fairchild v. C.M. Association Group et al.* (California Superior Court, Riverside; case RIC1210762).

Specifically with regards to Fair Debt Collection Practices Act cases as the one before

---

[2] Although Attorney Amador did not make an appearance before this Court, Attorney Amador assisted Attorney Warren.

this Court, decisions from jurisdictions across the country have consistently awarded attorneys' fees based upon hours reasonably expended and billed as a reasonable rate. A common result from Fair Debt Collection Act cases is that attorneys' fees are disproportionately greater than the $1,000 maximum statutory damages recoverable. However, such a disproportionate outcome does not render necessarily expended time as unreasonable. Courts have consistently awarded attorneys' fees based on time reasonably expended regardless of the underlying recovery. Examples include $23,421 in fees awarded on $1,500 settlement recovery (*Bryant v. TRW*, 689 F.2d 72); $69,872 in fees awarded on $1,000 recovery, (*Gradisher v. Check Enforcement Unit*, WL 187416, W.D. Mich., 2003); and $43,180 in fees awarded on $1,000 recovery, (*Armstrong v. Rose Law Firm, P.A.*, 2002 WL 31050583, D.Minn. 2002).

The fee-shifting effect of 15 U.S.C. 1692k allows victims of FDCPA violations to retain counsel where they would not otherwise be able to do so. Due to the maximum $1,000 recovery applicable to most claims, a contingency-fee arrangement would not realistically allow a Plaintiff to attract counsel. Similarly, paying counsel out-of-pocket would be unrealistic based on a possible recovery of $1,000.00. Enforcement of the FDCPA often hinges on consumer attorneys willing to represent plaintiffs based exclusively on the prospect of obtaining a reasonable attorney's fee award under 15 U.S.C. 1692k. Indeed, in the present case Plaintiff's counsel did not charge Plaintiff an out-of-pocket fee for representation.

## V. CONCLUSION

Plaintiff respectfully requests that this Honorable Court enter Default Judgment against Defendant in the amount of $1,000 in statutory damages, $0.00 in costs, and $3,787.50 in attorney's fees. Entry of judgment for the damages sought comports with the public policy

behind the Fair Debt Collection Practices Act, namely to provide consumers with a worthwhile remedy against unlawful collection activity.

Dated: January 24, 2017

s/ Java O. Warren
JAVA O. WARREN
Attorney for Plaintiff MARILYN DEAL
(Of Counsel for Centennial Law Offices)
4919 Albemarle Rd
Charlotte, NC 28205
(704)568-8439
Warr2131@bellsouth.net

## **CERTIFICATE OF SERVICE**

      I certify that on this date, January 24, 2017, I caused a copy of the foregoing to be mailed,

First Class U.S. Mail, to the following parties:

TRINITY HOPE ASSOCIATES, LLC
103 FAIRWAY AVENUE
HUDSON NC 28638-2437

TABATHA MULLIS
103 FAIRWAY AVENUE
HUDSON NC 28638-2437

                                          s/ Java O. Warren
                                          JAVA O. WARREN
                                          Attorney for Plaintiff MARILYN DEAL
                                          (Of Counsel for Centennial Law Offices)
                                          4919 Albemarle Rd
                                          Charlotte, NC 28205
                                          (704)568-8439
                                          Warr2131@bellsouth.net