# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO.: 5:16-cv-00140-RLV-DSC

| MARILYN DEAL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER OF** |
| v. | ) | **DEFAULT JUDGMENT** |
| | ) | |
| TRINITY HOPE ASSOCIATES, LLC; and TABATHA MULLIS, | ) | |
| Defendants. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Marilyn Deal's Motion and Memorandum in Support of Default Judgment and Attorneys' Fees ("Motion for Default Judgment") against Defendants Trinity Hope Associates, LLC and Tabatha Mullis. (Doc. 15). Plaintiff asserts causes of action under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*). (Doc. 1 at 1 (Compl. ¶¶ 1, 2)).

Default has been entered against both Defendants. Neither Defendant responded to the Complaint or otherwise appeared in this action. (*See* Docs. 11, 12). Plaintiff represents that Defendants are neither minors nor incompetent persons and that the Service Members Civil Relief Act does not apply. (Doc. 15 at 2). Plaintiff's Motion for Default Judgment is ripe for determination.

For the reasons stated below, the Court will **GRANT** the Motion for Default Judgment (Doc. 15).

## I. PROCEDURAL BACKGROUND

Plaintiff filed this action on July 15, 2016, seeking damages for Defendants' alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1 at 4 (Compl. ¶¶ 11, 12)).

Plaintiff also named DOE 1-5 in her Complaint but voluntarily dismissed the action as to DOE 1-5 pursuant to Fed. R. Civ. P. 41(a). (Doc. 14).

Defendant Trinity Hope Associates, LLC ("Trinity Hope") was served with the Complaint on July 26, 2016, but did not file an Answer or otherwise respond. (*See* Doc. 6). Defendant Tabatha Mullis ("Mullis") was served with the Complaint the same day but did not file an Answer or otherwise respond. (*See* Doc. 7). On September 19, 2016, Plaintiff filed Motions for Entry of Default against Trinity Hope (Doc. 9) and Mullis (Doc. 10). Plaintiff's counsel certified that both Defendants were served with the respective Motions for Entry of Default. (Doc. 9 at 2; Doc 10 at 2). Neither Defendant responded. The Clerk filed an Entry of Default against Defendant Trinity Hope and against Defendant Mullis on September 22, 2016. (Docs. 11, 12).

On January 24, 2017, Plaintiff filed her Motion for Default Judgment. (Doc. 15). Plaintiff seeks relief in the form of an award of damages in the amount of $4,787.50, consisting of $1,000.00 in statutory damages and $3,787.50 in attorneys' fees. (Doc. 15 at 11).

## II. STANDARD OF REVIEW

Plaintiff's motion for default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Upon a showing that a party against whom judgment is sought has failed to plead or otherwise defend, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). After the clerk has entered a default, the plaintiff may seek a default judgment. *See* Fed. R. Civ. P. 55(b). Defendants have not moved to set aside either Entry of Default.

Before a court can enter default judgment, the plaintiff must satisfy the requirements of Rule 54(c) and Rule 55 of the Federal Rules of Civil Procedure. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Fed. R. Civ. P. 54(c). The entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) is left to the sound discretion

of the court. *See U.S. Commodity Futures Trading Comm'n v. PMC Strategy, LLC*, 903 F. Supp. 2d 368, 375 (W.D.N.C. 2012).

## III.  MOTION FOR DEFAULT JUDGMENT

A consequence of the clerk's entry of a default is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *S.E.C. v. Marker*, 427 F. Supp. 2d 583, 586 (M.D.N.C. 2006).  Accordingly, because Defendants have failed to respond or otherwise defend against Plaintiff Deal's claims, the following facts are established:

- Plaintiff Deal is a "natural person" residing within the Western District of North Carolina.  (Compl. ¶ 3).

- Defendant Mullis is the managing member of Trinity Hope, a debt collector, and is responsible for the policies and procedures of the Company, including those giving rise to Plaintiff's cause of action.  (Compl. ¶ 3).

- Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. § 1692a(6).  (Compl. ¶¶ 5, 6).[1]

- Defendants engaged in an attempt to collect a consumer debt allegedly owed by Plaintiff.  (Compl. ¶ 7).

- On July 15, 2015, Defendants called Plaintiff Deal's home and spoke with her mother but failed to identify themselves.  Plaintiff Deal, using the number appearing on the caller ID, returned the call to Defendants that same day.  Defendants stated they were attempting to reach "Marilyn Deal."  Plaintiff informed Defendants she was "Marilyn" but Defendants refused to provide any information to her, instead insisting that she provide them with her date of birth and Social Security number so they could be sure that they were "speaking with the right person."  She restated that she was "Marilyn Deal" but Defendants still refused to disclose any information to her, including the name of their company or why they wanted to reach her.  (Compl. ¶ 8).

- Plaintiff relented and provided Defendants with her birth date and the last four digits of her Social Security number.  Defendants, having become irritated and snappish, terminated the call without disclosing any information to Plaintiff.  (Compl. ¶ 8).

---

[1] As noted below, conclusions of law are not taken as true, only factual allegations.  Although the Complaint states that Defendants "are 'debt collectors' as defined by 15 U.S.C. § 1692a(6)," the Complaint also alleges that Defendants "regularly operate as third-party debt collectors."  (Doc. 1 at 2 (Compl. ¶ 6)).

- During her July 15, 2015 telephone call with Defendants, Plaintiff was never advised by Defendants of their company name, that they were debt collectors or that they were calling her in an effort to collect a debt. (Compl. ¶ 8).

- The July 15, 2015 telephone call was the first communication Defendants had with Plaintiff. (Compl. ¶ 8).

- On January 21, 2016, Defendants called and left a voicemail message for Plaintiff. The content of the message was: "This message is for Marilyn Deal. Please call David at [telephone number redacted by Court]. Marilyn, it is very important my call is returned. I hear back from you today. If I do not hear back from you, I will possibly try to reach you at work Monday. I will be available until 9:00 pm Eastern Standard Time. It is important that my call is returned at [telephone number redacted by Court]. Thank you." (Compl. ¶ 9).

In determining whether to enter default judgment, the Court must find that the well-pleaded allegations support the relief sought. In addition, a defendant is not held to admit conclusions of law appearing in a complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

### A. Liability and Statutory Damages

To establish an FDCPA claim, a plaintiff must show that: (1) the plaintiff is a "consumer" within the meaning of the statute; (2) the defendant collecting the debt is a "debt collector" within the meaning of the statute; and (3) the defendant has violated, by an act or omission, a provision of the FDCPA. *Fisher v. Bernhardt & Strawser, PA*, No. 5:11-cv-00034-RLV-DSC, 2013 WL 3990744, at *3 (W.D.N.C. Aug. 2, 2013). A consumer is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff satisfies the first element, stating that she is a "natural person" and "Defendants engaged in an attempt to collect a consumer debt allegedly owed by her." (Doc. 1 at 2 (Compl. ¶¶ 3, 7)).

Plaintiff also satisfies the second element of an FDCPA claim. The FDCPA defines a "debt collector" under alternative prongs as any person (1) "who uses any instrumentality of interstate

commerce or the mails in any business the principal purpose of which is the collection of any debts" *or* (2) "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A threadbare recital of the statute does not suffice. In this case, in addition to stating that Defendants "are 'debt collectors' as defined by 15 U.S.C. § 1692a(6)," Plaintiff states that Defendants "regularly operate as third-party debt collectors" and were trying to collect a consumer debt when contacting her. (Doc. 1 at 2 (Compl. ¶¶ 6, 7)). As the only "third-party" possible in this case would be persons or entities other than the parties, characterizing Defendants as "regularly operat[ing] as third-party debt collectors" references debt collectors who regularly collect debts owed not to themselves but to another.

As to Defendant Mullis, the factual allegations taken as true are that she is the managing member of Trinity Hope, which is a debt collector, and is responsible for the policies and procedures of Trinity Hope, including those giving rise to Plaintiff's cause of action. (Doc. 1 at 2 (Compl. ¶ 3)). Further, the statement that she (as one of the Defendants) "regularly operates as third-party debt collector[]" is also taken as true. (Doc. 1 at 2 (Compl. ¶ 7)). Although being a shareholder, officer or director of a debt collecting corporation is not, in itself, sufficient to hold an individual liable as a "debt collector," the definition of "debt collector" in the alternative second prong of 15 U.S.C. § 1692a(6) includes those who regularly collect or attempt to collect debts "directly or indirectly." Based on this provision, "courts have found an individual personally liable if the individual 1) materially participated in collecting the debt at issue; 2) 'exercise[d] control over the affairs of [the] business[']; 3) was 'personally involved in the collection of the debt at issue'; or 4) 'was "regularly engaged, directly and indirectly, in the collection of debts".'" *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1073 (E.D. Cal. 2008) (citations omitted); *see*

*Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 778 (E.D.N.C. 2011) ("[T]he majority of federal courts considering this issue have found that employees of debt collection companies can be held personally liable under the FDCPA"). By failing to answer the Complaint or otherwise respond, Defendant Mullis failed to dispute her characterization as a debt collector. For purposes of the Motion for Default Judgment, the Court finds Plaintiff has sufficiently established that Defendants are debt collectors as defined by the second prong of the FDCPA.[2]

The third element is that the debt collector violated, by act or omission, a provision of the FDCPA. Plaintiff's first cause of action alleges Defendants violated 15 U.S.C. § 1692d(6) by (1) failing to disclose Trinity Hope's name in communications with Plaintiff and (2) failing to disclose Defendants are debt collectors and that their communications with Plaintiff were being made in an attempt to collect a debt. (Doc. 1 at 4 (Compl. ¶ 11)). Section 1692d(6) provides that "[e]xcept as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity" is conduct in violation of the prohibition against harassment or abuse by a debt collector. "Meaningful disclosure requires that the debt collector state his or her name, capacity, and provide enough information to the consumer as to the purpose of the call." *Chatman v. GC Servs., LP*, 57 F. Supp. 3d 560, 566 (D.S.C. 2014) (quoting *Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301, 1304 (D. Colo. 2011) (voicemail message)).

Plaintiff states that she called Defendants on July 15, 2015, by using caller ID from an earlier call to her home. Defendants did not place that telephone call and 15 U.S.C. § 1692d(6) would not appear to apply on its face. *See* 15 U.S.C. § 1692d(6) ("The following conduct is a

---

[2] This conclusion is consistent with the United States Supreme Court's decision in *Henson v. Santander Consumer USA Inc.*, __ U.S. __, 137 S. Ct. 1718 (2017). In *Henson*, the Court held that individuals and entities who regularly purchase debts originated by someone else and then seek to collect on those debts do not qualify as debt collectors under the second prong of 15 U.S.C. § 1692a(6) because they are not attempting to collect the debt of another. 137 S. Ct. at 1721-25. Here, the factual allegations accepted as true are that Defendants are "third-party debt collectors" and thus are attempting to collect debts owed another.

violation of this section . . . the placement of telephone calls without meaningful disclosure of the caller's identity."). The voicemail left for Plaintiff on January 21, 2016, however, was the placement of a telephone call *by* Defendants. As the voicemail did not provide the disclosures required as set out above, the communication did not provide the meaningful disclosure required by 15 U.S.C. § 1692d(6).[3] At most the voicemail identified the caller as "David," which is no identification at all. Nor did the voicemail include the capacity in which he made the call or the purpose of the call. (*See* Doc. 1 at 3 (Compl. ¶ 9)). Thus, Defendants' January 21, 2016 voicemail violated 15 U.S.C. § 1692d(6).

Plaintiff's second cause of action alleges Defendants violated 15 U.S.C. § 1692e(11) by (1) failing to disclose in their initial communication with Plaintiff that they are debt collectors attempting to collect a debt and that any information obtained would be used for that purpose and (2) failing to disclose in subsequent communications with Plaintiff that they were debt collectors. (Doc. 1 at 4 (Compl. ¶ 12)). Section 1692e(11) provides that "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" is conduct in violation of the prohibition against false or misleading representations by debt collectors. 15 U.S.C. § 1692e(11). The violation also occurs when there is a failure to disclose "in subsequent communications that the communication is from a debt collector." *Id*.

---

[3] A "communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The Court, for purposes of this action, adopts "the majority view, which construes the FDCPA's definition of 'communication' to encompass voicemail messages left for the consumer-debtor, even if nothing in those messages refers to a debt." *Chatman v. GC Servs., LP*, 57 F. Supp. 3d 560, 568-70 (D.S.C. 2014) (addressing 15 U.S.C. § 1692d(6) and § 1692e(11)). In *Chatman*, the debt collector left a voicemail similar to that in this case. *See* 57 F. Supp. 3d at 563, 566 (voicemails left only the caller's first name, an inaudible last name, and a request that Plaintiff return the call at a specific number; neither voicemail reflected that the caller was a debt collector nor that the call was for the purposes of collecting a debt).

Defendants' initial oral communication with Plaintiff occurred July 15, 2015, when Plaintiff called Defendants and complied with their request to provide her date of birth and Social Security number. At that point, Defendants knew they "were speaking with the right person." (*See* Doc. 1 at 3 (Compl. ¶ 8)). After that point, Defendants continued to refuse to disclose any information to Plaintiff but terminated the call. (*Id.*). This initial oral communication with Plaintiff failed to provide any of the information required by the plain language of 15 U.S.C. § 1692e(11) and applies to both Defendants directly. Even if the July 15, 2015 telephone communication did not constitute the initial oral communication with Plaintiff, the January 21, 2016 voicemail message was just as deficient. *See Chatman*, 57 F. Supp. 3d at 566, 569 (voicemail message and 15 U.S.C. § 1692e(11)). In neither telephone communication did Defendants disclose Defendants were debt collectors, were attempting to collect a debt, or state that any information obtained would be used for that purpose. (Doc. 1 at 3 (Compl. ¶¶ 8, 9)). Further, as the Court concludes the July 15, 2015 telephone conversation between Plaintiff and Defendants constitutes the initial communication, the January 21, 2016 telephone call was deficient as the voicemail left by Defendants failed to disclose the call was from a debt collector as required by 15 U.S.C. § 1692e(11) for a subsequent communication.

In light of the foregoing, the Court concludes that Plaintiff's well-pleaded facts establish Defendants' liability under the FDCPA. Accordingly, Plaintiff's Motion for Default Judgment is GRANTED as to the alleged statutory violations.

The Court, therefore, must consider the amount of damages. Plaintiff seeks $1,000 in statutory damages as well as attorneys' fees. Allegations regarding damages are, unlike factual allegations, not taken as true upon entry of default. *S.E.C. v. Marker*, 427 F. Supp. 2d at 586; *see* Fed. R. Civ. P. 8(b)(6) ("An allegation − other than one relating to the amount of damages − is

admitted if a responsive pleading is required and the allegation is not denied"). In situations where damages cannot be readily determined, a court may conduct a hearing to determine the amount of damages, if any, owed to a plaintiff. Fed. R. Civ. P. 55(b)(2)(B). The Court finds the determination of statutory damages and attorneys' fees does not require a hearing in this case.

A debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to that person in an amount equal to any actual damage sustained by that person as a result of such failure and, in the case of any action by an individual, "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(1) & (2)(A). Plaintiff does not seek actual damage but seeks the statutory maximum of $1,000. (Doc. 15 at 1, 7-8). In determining the amount of statutory liability under § 1692k(a)(2)(A), the Court has considered the frequency and persistence of Defendants' noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k(b)(1). Accepting the well-pleaded facts of the Complaint as true, Defendants undertook conduct that violated two provisions of the FDCPA during the course of two communications with Plaintiff. The nature of the noncompliance, although perhaps not egregious, was fundamental – a refusal to disclose who was calling, that the telephone calls were an attempt to collect a debt, and that information obtained would be used for that purpose. The refusal to disclose appears intentional. The violations cannot be said to result from bona fide errors. *See* 15 U.S.C. § 1692k(c) (a debt collector may not be held liable if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error).

In light of these findings, the Court concludes that statutory damages in the amount of $1,000 is appropriate and satisfies the purposes of the FDCPA.

9

B.     Attorneys' Fees

Plaintiff, successful in her action to enforce the foregoing liability, is entitled to the costs of the action, together with a reasonable attorneys' fee as determined by this Court. 15 U.S.C. § 1692k(a)(3). Plaintiff seeks $3,787.50 in attorneys' fees. The Court finds, under the circumstances of this case, that Plaintiff's argument and supporting documentation demonstrates that a rate of $300.00 per hour for the attorneys involved in this action and a rate of $50.00 per hour for paralegal work is reasonable. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989) (paralegal work included in attorneys' fees determination in statutory fee case). The Court has reviewed the submitted billing file and finds the time entries reasonable in light of the requirements of this action. The Court will award attorneys' fees in the amount of $3,787.50 based on 11.35 hours of attorney time at $300 per hour and 7.65 hours of paralegal time at $50 per hour. (*See* Doc. 15-5 at 2).

Plaintiff does not seek costs. (Doc. 15 at 11; *see* Doc. 15-5 at 3 (noting no costs incurred)). Plaintiff was allowed to proceed without prepaying fees or costs in this case. (Doc. 3). The Court, therefore, will not award costs to the Plaintiff.

IV.   **DECRETAL**

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

(1) Plaintiff's Motion for Default Judgment (Doc. 15) is **GRANTED;**

(2) Plaintiff is **AWARDED** the amount of **ONE THOUSAND DOLLARS ($1,000.00)** in statutory damages pursuant to 15 U.S.C. § 1562k to be recovered from Defendants jointly and severally;

(3) Plaintiff is **AWARDED** attorneys' fees in the amount of **THREE THOUSAND SEVEN HUNDRED EIGHTY-SEVEN DOLLARS AND FIFTY CENTS ($3,787.50)** to be recovered from Defendants jointly and severally; and

(4) The Clerk shall enter a final judgment.

Signed: July 17, 2017

Richard L. Voorhees
United States District Judge